```
               IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

WALTER H. SCHROEDER,            )    CIVIL NO. 12-00436 SOM/KSC
                                )
               Plaintiff,       )
                                )    ORDER DENYING MOTION FOR
          vs.                   )    SUMMARY JUDGMENT
                                )
ALLSTATE INSURANCE COMPANY;     )
and DOE DEFENDANTS 1-20,        )
                                )
               Defendants.      )
_____ )
```

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**I.      INTRODUCTION.**

This case involves insurance coverage under a motor vehicle insurance policy. After Plaintiff Walter H. Schroeder hit a pedestrian with his car, he tendered a claim to his insurance carrier, Allstate Insurance Company. Allstate denied coverage and this action followed. Allstate now moves for summary judgment, arguing that Schroeder did not have an Allstate policy at the time of the accident. Because a question of fact exists as to whether Schroeder had an Allstate policy at the time of the accident, the motion to for summary judgment is denied.[1]

---

[1] The motion is denied without a hearing pursuant to Local Rule 7.2(d).

**II.     BACKGROUND.**

Schroeder had a motor vehicle insurance policy from Allstate that was in effect from April 10, 2011, until October 10, 2011. See Auto Policy Declarations, ECF No. 18-2.

On or about August 30, 2011, Allstate sent Schroeder an offer to renew his policy. See Declaration of Sandra Ann Miller ¶ 5, ECF No. 18-1; Allstate Auto Insurance Renewal Offer, ECF No. 18-3. On or about September 20, 2011, Allstate sent Schroeder a $1,454.16 bill for the policy renewal. See ECF No. 18-4.

There is no dispute that Schroeder failed to timely renew the insurance policy. Instead, he mailed a $1,454.16 check to Allstate in November 2011, well after the policy had expired by its terms on October 10, 2011. See Declaration of Walter R. Schroeder ¶¶ 7, 9 ECF No. 25-1. Allstate cashed the check on or about November 26 or 28, 2011. Id. ¶ 9; Miller Decl. ¶ 8.

Allstate says that, on or about December 7, 2011, it mailed a refund check of $1,454.16 to Schroeder because it had determined that Schroeder no longer had a policy with it. See Miller Decl. ¶ 9; Allstate's record for Schroeder's policy, ECF No. 18-5. Schroeder says that he did not receive this refund check. See Schroeder Decl. ¶ 20. Schroeder asserts that Allstate's cashing of his check caused him to think that Allstate had renewed his insurance policy. Id. ¶ 21.

On January 4, 2012, Schroeder struck a pedestrian while driving.  See Schroeder Decl. ¶ 12.  When Schroeder contacted Allstate to report the accident, Allstate informed him that his policy had been cancelled.  Id. ¶¶ 14-17.  Schroeder says he did not know that the policy had allegedly been cancelled until he was told of its cancellation when he reported the accident.  Id. ¶ 21.

On or about January 16, 2012, Allstate mailed Schroeder a check for $1,454.16.  See ECF No. 25-3.  The letter that accompanied this check said that it was a "replacement" for one that had been sent earlier.  Id.  Schroeder says that this is the only refund check that he ever received.  Id. ¶ 20.

**III.     SUMMARY JUDGMENT STANDARD.**

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (2010).  See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  The movants must support their position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party must set forth specific facts showing that there is a genuine issue for trial. T.W. Elec. Serv., Inc., 809 F.2d at 630. At least some "'significant probative evidence tending to support the complaint'" must be produced. Id. (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). See Addisu, 198 F.3d at 1134 ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (citing Matsushita Elec. Indus. Co., 475 U.S. at 587). Accord Addisu, 198 F.3d at 1134 ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

All evidence and inferences must be construed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc., 809 F.2d at 631. Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. Id. When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing

summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." Id.

**IV.     ANALYSIS.**

Allstate moves for summary judgment, arguing that because Schroeder had not renewed his automobile insurance policy, he had no insurance coverage at the time on the accident on January 4, 2012.  Because there is an issue of fact as to whether Schroeder had a policy in effect, the motion is denied.

Allstate argues that Schroeder's policy automatically lapsed when he failed to timely renew it before the expiration of its term.  Citing cases standing for the proposition that an insurance carrier is not bound to provide coverage when it cashes a check but promptly issues a refund, Allstate argues that Schroeder's untimely payment was nothing more than a "counteroffer" that it rejected when it promptly issued him a refund after cashing the check.

Although the previous policy had lapsed in October 2011, a question of fact exists as to whether Allstate, upon cashing Schroeder's check for renewing the policy, promptly refunded Schroeder the money such that it can be said to have not renewed the policy.  Interpreting the facts in the light most favorable to Schroeder for purposes of this motion, the court cannot say that there is no genuine issue as to whether Allstate

refunded Schroeder's payment for the renewal of the policy before the pedestrian accident of January 4, 2012.  Under these circumstances, a question of fact exists as to whether Allstate had renewed Schroeder's policy.

**V.     CONCLUSION.**

Because a question of fact exists as to whether Allstate promptly refunded Schroeder his renewal payment such that no insurance policy was in effect at the time of the accident of January 4, 2012, Allstate's summary judgment motion is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 9, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Schroeder v. Allstate Ins. Co., Civ. No. 12-00436 SOM/KSC; Order Denying Motion for Summary Judgment